# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS BEATTIE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>L. ROMERO; et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:14-cv-01448-H-JMA<br><br>**ORDER DENYING RULE 60(b)(6) MOTION**<br><br>[Doc. No. 29] |

　　　On June 13, 2014, Plaintiff Michael Louis Beattie ("Plaintiff") filed a civil rights action, pursuant to 42 U.S.C. § 1983, against correctional officers L. Romero, I. Marquez, and I. Ugalde ("Defendants") alleging excessive use of force. (Doc. No. 1.) On October 14, 2014, Defendants filed a pre-answer motion for summary judgment, arguing Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. No. 10.) On December 8, 2014, the Court granted Defendants' motion for summary judgment. (Doc. No. 16.) On the record before it, the Court found that Plaintiff had not exhausted his administrative remedies. (Id. at 6.) Plaintiff timely appealed the Court's decision. (Doc. No. 18.)

　　　On April 20, 2016, the Court of Appeals for the Ninth Circuit affirmed this Court's decision granting summary judgment to Defendants because Plaintiff failed to exhaust his administrative remedies. Beattie v. J. Romero et al., No. 15-55034 slip op. at 2 (9th Cir.

April 20, 2016). On October 4, 2016, the Ninth Circuit denied Plaintiff's motion to rehear the matter en banc. (Doc. No. 23.) On October 24, 2016, the Ninth Circuit issued its mandate, affirming the grant of summary judgment to Defendants. (Doc. No. 27.)

On May 8, 2017, Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), to amend the Court's judgment granting summary judgment to Defendants. (Doc. No. 29.) Plaintiff argues a recent Ninth Circuit case, <u>Andres v. Marshall</u>, No. 15-56057 (9th Cir. April 21, 2017), shows the Court erred by granting summary judgment to Defendants. Thus, Plaintiff argues the Court should vacate its prior judgment.

## ANALYSIS

Federal Rule of Civil Procedure 60(b) lists when a party may seek relief from a final judgment. Fed. R. Civ. P. 60(b)(1-6). The first three bases for relief are unavailable to Plaintiff because more than a year has passed since the grant of summary judgment. Fed. R. Civ. P. 60(c)(1). Similarly, relief is unavailable under (b)(4) and (b)(5) as Plaintiff has not presented any arguments regarding why the judgment is void, satisfied, or inequitable. Fed. R. Civ. P. 60(b)(4), (5). Thus, Plaintiff's only possible avenue of relief is pursuant to Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) allows a district court to provide relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "[j]udgments are not often set aside under Rule 60(b)(6). Rather the Rule is used sparingly as an equitable remedy to prevent manifest injustice." <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097, 1103 (9th Cir. 2006). Courts must be wary of using Rule 60(b)(6) "to circumvent the strong public interest in timeliness and finality." <u>Flores v. Arizona</u>, 516 F.3d 1140, 1163 (9th Cir. 2008) (rev'd on other grounds). To justify relief under Rule 60(b)(6) a party must show "extraordinary circumstances." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 536 (2005); <u>Washington v. Ryan</u>, 833 F.3d 1087, 1099 (9th Cir. 2016). A district court's decision to deny a motion for reconsideration is

reviewed for abuse of discretion. Phelps v. Alameida, 569 F.3d 1120, 1131 (9th Cir. 2009).

Plaintiff argues that reconsideration is merited here in light of the Ninth Circuit's subsequent decision in Andres, No. 15-56057, which relied on a recent Supreme Court case, Ross v. Blake, 136 S.Ct. 1850 (2016). Plaintiff argues these decisions, published after the Ninth Circuit affirmed this Court's decision granting summary judgment to Defendants, justify relief under Rule 60. (Doc. No. 29 at 5.) Plaintiff is wrong because the Ninth Circuit's decision in Andres is factually distinct and would not affect the outcome in this case.

In Andres, a California state prisoner brought a federal § 1983 claim against a correctional officer for excessive use of force. Andres, No. 15-56057, slip op. at 3. The alleged excessive force occurred on January 23, 2013 and Andres filed an administrative grievance two days later. Id. Andres never received a response to his grievance and filed his federal suit on July 24, 2013, arguing his administrative remedies were effectively unavailable. Id. at 4. While the federal suit was proceeding, a California state court held an evidentiary hearing in a parallel state action and found that Andres had timely filed a grievance and the prison administration failed to process it. Id. at 4, 6. The Ninth Circuit treated the state court documents as part of the record on appeal and relied on those factual findings to conclude that Andres had exhausted his available administrative remedies. Id. at 6. As the Ninth Circuit explained it:

> The state habeas court held an evidentiary hearing and found that defendants improperly failed to process Andres' timely filed grievance. Under the circumstances present here, Andres exhausted his available administrative remedies prior to filing suit, thereby satisfying *Ross* and *McKinney*.

Id.

Here, unlike in Andres, Plaintiff never established that he took the necessary steps to exhaust his administrative remedies or that Defendants' actions rendered those remedies unavailable. In California prisons, administrative exhaustion requires

proceeding through three levels of review. Cal. Code Regs. Tit. 15, §§ 3084.2(a), 3084.7(a)-(d) (Jan 1, 2014). A final decision from the third level of review exhausts administrative remedies under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005). At summary judgment, the Court concluded that Plaintiff had not exhausted his administrative remedies because he did not submit a third level appeal. (Doc. No. 16 at 6.) Although Plaintiff alleges he submitted a third level appeal to the Office of Appeals, the Court held that Plaintiff failed to meet his burden of establishing a material question of fact existed. (Doc. No. 16 at 6). As the Court explained at the time:

> On the record before the Court, Plaintiff has not exhausted his administrative remedies. Defendants' evidence shows that Plaintiff did not obtain a decision at the third level of review, as required to exhaust administrative remedies. Furthermore, Defendants provide evidence that there is no record of Plaintiff sending legal mail to the third level appeals office on or around the date the he claims he used the legal mail process. Plaintiff's self-serving allegations do not rebut this evidence. Furthermore, Plaintiff did not provide the Court with any documents to support his assertion.

(Id.)

The fact that Plaintiff was unable to set forth facts supporting the conclusion that he submitted a third level appeal distinguishes this case from Andres. There, the state court established that Andres attempted to avail himself of his administrative remedies but those remedies were rendered unavailable by defendants' actions. Here, there are no facts to support a similar conclusion. Plaintiff did not show he submitted a third level appeal, nor that it was rendered unavailable by Defendants' actions. As such, Andres is inapposite and offers Plaintiff no relief.

///
///
///
///

4

3:14-cv-01448-H-JMA

## **CONCLUSION**

Contrary to Plaintiff's assertions, Andres is distinguishable. There, a state court held an evidentiary hearing and found that the plaintiff had properly submitted a grievance and it was ignored by defendants. Here, in contrast, Defendants offered evidence showing Plaintiff never submitted a third level appeal and Plaintiff was unable to set forth facts sufficient to raise a material question. Thus, there was no basis for the Court to conclude Plaintiff exhausted his available administrative remedies. As the Ninth Circuit's decision in Andres does not change the outcome here, it is not an "extraordinary circumstance" and the Court denies Plaintiff's Rule 60(b) motion.

**IT IS SO ORDERED.**

DATED: May 19, 2017

_____
Hon. Marilyn L. Huff
United States District Judge