**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL LOUIS BEATTIE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>L. ROMERO; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:14-cv-01448-H-JMA<br><br>**ORDER RESPONDING TO REFERRAL NOTICE, REVOKING PLAINTIFF-APPELLANT'S IN FORMA PAUPERIS STATUS**<br><br>[Doc. No. 34] |

On June 13, 2014, Plaintiff Michael Louis Beattie ("Plaintiff") filed a civil rights action, pursuant to 42 U.S.C. § 1983, against correctional officers L. Romero, I. Marquez, and I. Ugalde ("Defendants") alleging excessive use of force. (Doc. No. 1.) Along with his complaint, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). (Doc. No. 2.) On June 24, 2014, the Court granted Plaintiff's motion for leave to proceed IFP. (Doc. No. 3.)

On December 8, 2014, the Court granted summary judgment for Defendants on all claims. (Doc. No. 16.) On the record before it, the Court found that Plaintiff had not demonstrated that he exhausted his administrative remedies. (Id. at 6.) Plaintiff timely appealed the Court's decision. (Doc. No. 18.) On April 20, 2016, the Court of Appeals for the Ninth Circuit affirmed this Court's decision granting summary judgment to

Defendants because Plaintiff failed to exhaust his administrative remedies. Beattie v. J. Romero et al., No. 15-55034 slip op. at 2 (9th Cir. April 20, 2016). On October 4, 2016, the Ninth Circuit denied Plaintiff's motion to rehear the matter en banc. (Doc. No. 23.) On October 24, 2016, the Ninth Circuit issued its mandate, affirming the grant of summary judgment to Defendants. (Doc. No. 27.)

On May 8, 2017, Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), to amend the Court's judgment granting summary judgment to Defendants. (Doc. No. 29.) Plaintiff argued a recent Ninth Circuit case, Andres v. Marshall, No. 15-56057 (9th Cir. April 21, 2017), was materially indistinguishable from his case and merited amending the judgment. (Doc. No. 29.) On May 19, 2017, the Court denied Plaintiff's Rule 60(b) motion, distinguishing Andres because there a state court had conducted an evidentiary hearing and found that plaintiff had properly submitted a grievance in an attempt to exhaust his administrative remedies. (Doc. No. 30 at 4.) Plaintiff appealed the Court's order denying his Rule 60(b) motion. (Doc. No. 31.) On June 19, 2017, the Ninth Circuit issued a referral notice, asking the Court to determine whether Plaintiff's IFP status should continue on appeal. (Doc. No. 34.) Because Plaintiff's appeal is frivolous, the Court revokes Plaintiff's IFP status.

## DISCUSSION

A party's IFP status generally continues on appeal unless revoked by the district court. Fed. R. App. 24(a)(3). To revoke the IFP status, the district court must certify in writing that "the appeal is not taken in good faith or . . . the party is not otherwise entitled to proceed in forma pauperis." Id. 24(a)(3)(A); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). A district court's decision to revoke a party's IFP status is reviewed for abuse of discretion. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).

Plaintiff's Rule 60(b) motion and appeal claim that Defendants admit that Plaintiff properly submitted his application for final level review. (Doc. No. 29 at 3; Doc. No. 31 at 2.) Defendants, however, admit no such thing. At summary judgment, Defendants

2

3:14-cv-01448-H-JMA

argued that Plaintiff had submitted an incomplete application for third-level review, which was returned to him with instructions on how to properly resubmit. (Doc. No. 13 at 2.) Defendants claimed that Plaintiff then failed to resubmit a complete application and provided detailed evidence supporting that claim, including the legal mail logs for the prison. (Id.) In response, Plaintiff failed to put forward evidence sufficient to raise a material question of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Accordingly, the Court granted summary judgment:

> On the record before the Court, Plaintiff has not exhausted his administrative remedies. Defendants' evidence shows that Plaintiff did not obtain a decision at the third level of review, as required to exhaust administrative remedies. Furthermore, Defendants provide evidence that there is no record of Plaintiff sending legal mail to the third level appeals office on or around the date that he claims he used the legal mail process. Plaintiff's self-serving allegations do no rebut this evidence. Furthermore, Plaintiff did not provide the Court with any documents to support his assertion.

(Doc. No. 16 at 6.) The Ninth Circuit affirmed this decision. Beattie, No. 15-55034.

Following the Ninth Circuit's ruling, Plaintiff moved for reconsideration and the Court re-reviewed the matter, coming to the same conclusion. (Doc. No. 30.) Plaintiff claims that Defendants admit Plaintiff properly submitted his final level grievance and, thus, his case is materially indistinguishable from the Ninth Circuit's recent case in Andres v. Marshall, No. 15-56057 (9th Cir. April 21, 2017). But this, again, is incorrect. The record before the Court does not support the conclusion that Plaintiff submitted a proper application for third level review of his grievance, nor that Defendants admit as much. As such, Andres is distinguishable and summary judgment was appropriate.

///
///
///

## **CONCLUSION**

Plaintiff's argument that Defendants admit Plaintiff properly submitted an application for third-level review is not supported in the record and contradicted by Defendants' briefing at summary judgment. And apart for this alleged admission, Plaintiff offers insufficient evidence to support a finding that he exhausted his administrative remedies. As such, the Court finds that Plaintiff's appeal is frivolous and revokes his IFP status on appeal.

**IT IS SO ORDERED.**

DATED: June 27, 2017

Hon. Marilyn L. Huff
United States District Judge